Roger Olsen and Sandra Olsen, Plaintiffs-Appellants, v. Valley National Bank of Aurora, a National Banking Corporation, Defendant-Appellee.

Gen. No. 67–105.

Second District.

January 30, 1968.

Rehearing denied March 22, 1968.

Hart, Banbury, Lawrence & Gullstrand, of Aurora, for appellants.

Dreyer, Foote and Streit, of Aurora, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiffs, Roger and Sandra Olsen, brought an action to recover damages, actual and punitive, against the defendant, Valley National Bank of Aurora, for refusing to honor for payment certain checks drawn by the plaintiffs upon their account in defendant's bank. The checks were marked by the defendant with the legend "Not Sufficient Funds." The defendant, prior to the presentation of the checks drawn by the plaintiffs, debited the plaintiffs' account pursuant to an indebtedness due the

defendant by the plaintiffs based upon an installment sales contract. A complaint was filed in three counts whereupon the defendant filed a motion to dismiss which was thereafter granted. It is from the order of dismissal that the appeal is prosecuted.

A brief statement of the facts is necessary in order to understand the transaction which gives rise to this cause of action. A joint checking account was opened by the plaintiffs with the defendant on August 22, 1964. Thereafter, on September 3, 1964, the plaintiffs purchased a 21-inch color television set from Aurora Electronics Company, Incorporated, herein called Aurora, and executed and delivered a retail installment contract which provided in part:

> "If any installment is not paid in full when due, . . . or if the holder hereof shall for reasonable cause deem itself insecure, the full amount unpaid hereunder shall, at the option of the holder hereof, without notice, become due and payable together with a reasonable sum as attorney's fees, if placed with an attorney for collection, . . ."

This contract was later assigned by Aurora to the defendant for value and the plaintiffs were duly notified. Except for the first monthly installment, the plaintiffs became consistently delinquent in making their payments, and on June 24, 1966, when two monthly installments of $22.50 each for May and June, 1966, were past due, the defendant exercised the option of accelerating the payments by declaring the three remaining installments also to be due and payable. As a result, plaintiffs became indebted to the defendant for five installments, or a total amount of $112.50. This was set off by debiting the plaintiffs' account which, at the time, had a balance of $122.02.

On the same day, Sandra Olsen drew a check made payable to the order of "George W. Pearce Company" in the

amount of $125. This check was presented to the bank for payment on June 27, 1966; however, because of the afore-stated setoff, the account showed a balance of $9.52 and, consequently, the check was marked with the legend "Not Sufficient Funds."

On June 27, 1966, Sandra Olsen drew another check which was made payable to the City of Aurora in the amount of $15. The next day, the plaintiffs deposited $6 to their account and, on June 30, 1966, the check made payable to the City of Aurora in the amount of $15 was presented to the defendant for payment. The bank re-turned this check marked with the legend "Not Sufficient Funds."

It is first contended by the plaintiffs that the defendant did not comply with the provisions of the contract, quoted above, pertaining to the right of acceleration, and there-fore, defendant had no right to set off the three remaining installments due upon the contract. It is their interpre-tation that the full amount unpaid thereunder does not become due and payable, together with a reasonable sum as attorney's fees, unless it is placed with an attorney for collection. This construction is arrived at by arguing that there is no comma between the words "payable" and "to-gether" which therefore gives rise to the inference that the phrase "if placed with an attorney for collection" does not modify the phrase "reasonable sum as attorney's fees" but modifies the entire sentence.

 In construing written instruments, the rule has been that a qualifying phrase is to be confined to the last antecedent unless there is something in the instrument requiring a different construction. City Trust, Safe De-posit & Surety Co. v. Lee, 204 Ill 69, 71–72, 68 NE 485 (1903); Hardware Mut. Cas. Co. v. Curry, 21 Ill App2d 343, 349, 157 NE2d 793 (1959). Therefore, we hold that the phrase "if placed with an attorney for collection" immediately follows and was clearly intended to modify

"together with a reasonable sum as attorney's fees" and therefore is not a condition precedent in order to institute acceleration. Further, to argue that a holder is required to place a contract for collection with an attorney as a condition precedent to the right of acceleration cannot be deemed the intention of the parties to the contract. In Martindell v. Lake Shore Nat. Bank, 15 Ill2d 272, 154 NE2d 683 (1958) at page 283 the court said:

> "The primary object of the construction of a contract is to give effect to the intention of the parties, greater regard being given to such intent, when clearly revealed, than to any particular words used in expression thereof."

It is next contended that, while a bank has a right to offset a matured unsecured indebtedness due and owed it by a depositor against the depositor's account, the bank does not have such a right where the debtor's indebtedness is sufficiently protected by collateral security. It is argued that the contract, held by the bank, was collaterally secured by the 21-inch television set, which remained in the plaintiffs' possession, and therefore, the defendant was required to proceed against the collateral security, rather than the plaintiffs' bank account, by way of setoff.

█ There is no question that a bank has a right to exercise a setoff when the debt is not secured by collateral. The question then posed by this appeal is, does a bank have the right to setoff when the indebtedness is secured by collateral? In Wyman v. Fort Dearborn Nat. Bank, 181 Ill 279, 54 NE 946 (1899), the Helena Bank had funds on deposit in a checking account with the defendant-bank. The Helena Bank was, at the same time, indebted to the defendant pursuant to a certificate of deposit in the sum of $25,000 which debt was secured by collateral in the amount of $30,000 in the form of notes taken by the Helena Bank and endorsed to the defendant. On Septem-

369

ber 1st of the year in question, the Helena Bank drew a check on the defendant, payable to one Wyman in the amount of $10,000. On September 4th, the defendant, exercising its right of setoff, withdrew the entire balance of the Helena Bank's checking account (exceeding some $20,000) and applied that amount in payment of the certificate of deposit. The following day, Wyman presented for payment his $10,000 check which was refused. The court held that the defendant had the right to withdraw the funds by reason of the doctrine of setoff, even though the separate and independent debt owed to the defendant was fully secured by collateral. On page 284 the court stated:

> "Appropriating the deposit fund in good faith, in pursuance of strict legal rights, for the purpose of protecting its own interests, and without notice of the appropriation of the money by drawing the check in favor of the appellant, was not a wrongful act but one authorized by law, and absolutely transferred the legal and equitable right to the fund so deposited to the Fort Dearborn National Bank, the check not having been presented to it nor it having any notice of the same until the day after the transfer of the account."

The court then went on to state at pages 287–288:

> "The Fort Dearborn National Bank had a right to apply the deposit in payment of the indebtedness pro tanto to the extent of the deposit, and deprive the check-holder of any part of that deposit as a fund assigned to him. . . ."

See also, Home Nat. Bank v. Newton, 8 Ill App 563, 565 (1881).

The plaintiffs argue that other jurisdictions make a distinction between indebtedness secured by collateral and

indebtedness not secured by collateral, relative to the right of setoff; however, plaintiffs do concede that the distinction they urge is the minority rule. The ultimate test, of course, should not be numerical superiority, but the rationale supporting the rule. A bank should not be deprived of its right of setoff simply because it has the foresight to obtain collateral in exchange for obligations owed to it. The majority rule, including Illinois, is founded on the rationale that a creditor is able to pursue any one of a number of remedies against a debtor until the debt is satisfied. The minority rule is based upon the rule or statute that there is but one action for the recovery of a debt which is secured by collateral.

In Illinois, a creditor is able to proceed with a number of remedies until the debt is satisfied. The Commercial Code (Ill Rev Stats 1965, c 26, § 9–501(1)) provides that:

> "When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and . . . those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. . . . The rights and remedies referred to in this subsection are cumulative."

Further, it should be noted that the check drawn by the plaintiffs on June 24, 1966, and presented for payment on June 27, 1966, would have been returned for insufficient funds regardless of whether or not the defendant had exercised the right of setoff, since the plaintiffs' balance on that date was not sufficient to cover the $125 check.

The plaintiffs next argue that the contract violates section 3 of the Retail Installment Sales Act. (Ill Rev Stats 1965, c 121½, § 225.) We have examined the entire record and find that this contention was not placed before the trial court and is raised, for the first time, on

■

appeal. The general rule of long standing provides that an issue, other than the court's jurisdiction of the subject matter, not presented to or considered by the trial court, cannot be raised for the first time on appeal. Woman's Athletic Club of Chicago v. Hulman, 31 Ill2d 449, 454, 202 NE2d 528 (1964); McMillen v. Rydbom, 56 Ill App2d 14, 28, 205 NE2d 813 (1965).

For the foregoing reasons, the judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.