PEOPLES NATIONAL BANK OF WASHINGTON, *Appellant*, v.
ROBERT W. PETERSON *et al.*, *Respondents.*

*Fred Shelton,* for appellant.

*John Moberg,* for respondents.

GREEN, J.—Plaintiff, Peoples National Bank of Washington, brought this action against the defendants, Robert W. Peterson and Josephine A. Peterson, his wife, to recover upon two promissory notes, foreclose the security, secure a judgment for a deficiency, if any, and impress a lien on certain real property allegedly transferred to others. From an order of dismissal, plaintiff appeals.

The promissory notes in question were secured by farm machinery and equipment, vehicles and miscellaneous tools

under a security agreement executed pursuant to the Uniform Commercial Code. Defendants also assigned a certain farm lease and option to plaintiff as additional security. The defendants defaulted and plaintiff took possession of a substantial portion of the personal property listed in the security agreement.

At about the same time, this action was filed; however, the summons was not served until after plaintiff had taken possession of the indicated personal property as authorized by the security agreement and RCW 62A.9-503. Subsequently, plaintiff mailed to the defendants a notice of repossession and private sale, stating that the farm machinery would be sold after May 5, 1970. Pursuant to that notice, a pickup truck was sold on May 6 and the selling price credited against the balance owing on the notes. Thereafter, on May 12, plaintiff mailed to defendants a notice canceling the private sale and setting a public sale for June 9, 1970. Both notices of private and public sale were given pursuant to RCW 62A.9-504(3). On May 15, 1970, defendants' attorney wrote to the plaintiff's attorney as follows:

In todays mail, I received from the bank, a copy of Notice of Public Sale in connection with certain personal property of Peterson. There is presently an action pending in Superior Court to foreclose this matter, and, it therefore would seem somewhat irregular to have a public sale of the property when there is pending a Superior Court foreclosure action. Your comments would be appreciated.

Thereupon, plaintiff abandoned the public sale. Instead, on June 9, 1970, it caused a writ of attachment to issue and the sheriff proceeded to attach the personal property already in plaintiff's possession, as well as certain farm real estate owned by defendants at the time the loan was made. The realty was subsequently transferred to others, allegedly to place it out of the reach of plaintiff. A keeper's receipt was given to plaintiff for the personal property.

On September 9, 1970, plaintiff gave notice to defendants that it would make application to the court for a trial date

and on September 18, 1970, an agreed order was entered setting the matter for trial on April 19, 1971. On October 28, 1970, defendants moved to strike those portions of the complaint which sought to impose a lien upon real estate transferred to others and moved to quash the writs of attachment that had been issued. These motions were granted. Although the order quashing the writ of attachment appears to refer to all attachments, the parties mutually assumed the order did not apply to the attached personal property.

On April 16, 1971, defendants for the first time moved to dismiss this action upon the ground that plaintiff, in exercising its nonjudicial rights to repossess the farm machinery under the Uniform Commercial Code and the security agreement and failing to sell the collateral within a reasonable time thereafter, elected to retain the farm machinery in full satisfaction of the indebtedness. This motion was argued on the opening day of trial, April 19, 1971, and denied. However, at the close of all of the evidence the motion to dismiss was renewed and at that time granted. It is in the backdrop of these facts that the issues raised on appeal must be decided.

First, plaintiff assigns error to the trial court's finding and conclusion based upon the grounds asserted in defendants' motion for dismissal.[1] In support of this finding, defendants argue that since the plaintiff elected to exercise its "self-help" rights and take possession of the security, it cannot maintain an action on the debt secured until all of the security has been sold in a commercially reasonable manner as provided in RCW 62A.9-504(3). Since the property was not sold, it is contended the trial court properly dismissed the action. We disagree.

RCW 62A.9-501(1) states in part:

. When a debtor is in default under a security agree-

---

[1] This conclusion was based upon the trial court's prior ruling in Grant County Tractor Co. v. Nuss, Grant County Superior Court No. 19789, which we reversed in *Grant County Tractor Co. v. Nuss,* 6 Wn. App. 866, 496 P.2d 966 (1972). In any event, we do not believe that *Grant County Tractor* governs the instant case.

ment, a secured party has the rights and remedies provided in this Part and except as limited by subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. . . . A secured party in possession has the rights, remedies and duties provided in RCW 62A.9-207. *The rights and remedies referred to in this subsection are cumulative.*

(Italics ours.) Webster's Third New Int'l Dictionary (1969), defines "cumulative" as: "Increasing in size or strength by successive additions *without corresponding loss* . . ." (Italics ours.)

Thus, we believe plaintiff was entitled: to institute an action on the promissory notes and obtain judgment for the unpaid balance thereof; to hold a private or public sale of property in the secured party's possession and credit the moneys received therefrom against the total of defendants' indebtedness; and in addition thereto, to judicially foreclose upon the security in the event the private or public sale is abandoned without prejudice to the debtor or fails to dispose of all the property described in the security instruments.

If defendants had objection to the propriety of plaintiff's procedure, they could have sought a restraining order under RCW 62A.9-507(1) long before this case came on for trial. They never availed themselves of such remedy. In fact, until plaintiff received opposing counsel's letter of May 15 questioning the regularity of having a public sale contemporaneous with a foreclosure action in superior court, it was proceeding in a commercially reasonable manner. Consequently, it is our view that the letter from defense counsel, coupled with defendants' failure to exercise their statutory rights to object for a period of 10 months, when considered in light of the liberal administration of remedies provided in RCW 62A.1-106(1), prevents defendants from contending that plaintiff must sell the property under RCW 62A.9-504(3) before pursuing this action.[2]

---

[2]Moreover, we find nothing in the Uniform Commercial Code nor in cases construing the applicable code sections that would prevent the

Hence, under the peculiar circumstances of this case, when plaintiff withdrew the notice of public sale, and obtained the writ of attachment, although it may have later been quashed in these proceedings, plaintiff was no longer proceeding under RCW 62A.9-504(3) of the Uniform Commercial Code, but was foreclosing the security by judicial procedure authorized by RCW 62A.9-501(1). Thus, the trial court erred in dismissing the action.[3]

During the trial, the May 15 letter from defendants' counsel was ruled inadmissible. This ruling, to which error is assigned, was erroneous because the letter had a direct relationship to the subsequent actions of the plaintiff in canceling the public sale and pursuing the court foreclosure. This relationship is set forth in the affidavit of plaintiff's counsel opposing defendants' motion to dismiss wherein it is stated that upon receipt of the letter the public sale was canceled and the property preserved for judicial foreclosure.

Second, plaintiff assigns error to the court's striking certain portions of plaintiff's complaint. These portions alleged that when defendants applied to plaintiff for a loan, it was represented in a financial statement that defendants owned certain farmlands; that the loan was approved based upon the representations contained in that statement; that after obtaining the loan and before this action was commenced, defendants deeded these farmlands to their children, in consideration of love and affection, to place such lands out

plaintiff in the circumstances of the instant case from transferring a self-help repossession into a judicial foreclosure, inasmuch as the end result of such proceeding is to liquidate the property and apply the proceeds against an existing debt. *Cf. In re Adrian Research & Chemical Co.*, 269 F.2d 734 (3d Cir. 1959); *Olsen v. Valley Nat'l Bank*, 91 Ill. App. 2d 365, 234 N.E.2d 547 (1968); 2 Gilmore, Security Interests and Personal Property § 43.7 (1965); The Uniform Commercial Code in Washington, Wash. L. Rev. 764-68 (1967). If anything, the debtor generally has more protection through a judicial foreclosure under direct supervision of the court than under the self-help provisions of the Uniform Commercial Code.

[3]We have noted the recent decision of the United States Supreme Court in *Fuentes v. Shevin*, 40 U.S.L.W. 4692 (June 12, 1972), but do not find it applicable to the instant case.

of the reach of the plaintiff creditor. Error is also assigned to the quashing of writs of attachment against these lands. We find no error. RCW 61.12.120; *Advance Thresher Co. v. Schimke*, 47 Wash. 162, 91 P. 645 (1907); *cf. Lucas v. Stapp*, 6 Wn. App. 971, 497 P.2d 250 (1972). The allegations of the complaint were stricken without prejudice, so that plaintiff is not foreclosed from pursuing those allegations in a new action to collect the deficiency, if any, on the promissory notes. The remaining assignments of error need not be considered in light of the foregoing determinations.

The judgment is reversed and the case is remanded to the trial court with instructions to enter judgment for plaintiff for the balance due upon the promissory notes, that the remaining secured property be ordered sold in accordance with the prayer of the complaint, or if the property has been sold the proceeds therefrom should be credited against the balance due, and that the plaintiff have judgment for any deficiency remaining thereafter.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied July 31, 1972.

Review granted by Supreme Court November 8, 1972.

[No. 490-3.    Division Three.    June 27, 1972.]