TOTAL AUTOMATION, INC., Plaintiff-Appellant, *v.* ILLINOIS NATIONAL BANK & TRUST CO. OF ROCKFORD, Defendant-Appellee.

Second District (2nd Division)    No. 75-469

Opinion filed July 22, 1976.—Rehearing denied August 24, 1976.

Reese & Reese, of Rockford, for appellant.

Maynard, Brassfield & Cowan, of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
The plaintiff appeals from a summary judgment for the defendant in an action brought on behalf of the plaintiff corporation by certain creditors thereof, to recover the sum of $2,331.67 which the plaintiff contends was wrongfully "set-off" from its checking account by the defendant bank.

Total Automation, Inc., had a checking account with the defendant, a national bank. At the same time Total Automation owed the bank's travel department (known as Illinois National Travel Bureau) the sum of $2,331.67. The plaintiff was in financial difficulty and its assets were under the control of a creditors' committee. The bank claimed a set-off for the amount owed it because of the travel bureau debt and took the amount owed out of the plaintiff's checking account to satisfy the debt. The plaintiff then brought an action against the bank for the amount taken in the set-off and the bank defended by invoking the well-known right of a bank to set-off amounts owed to it by a depositor against such depositor's deposits in the bank. (See *Olsen v. Valley National Bank*, 91 Ill. App. 2d 365; *Wyman v. Fort Dearborn National Bank*, 181 Ill. 279; 10 Am. Jur. 2d *Banks* §666, 667 (1963).) Summary judgment was rendered by the trial court in favor of the bank.

In our opinion, the judgment of the trial court must be affirmed. While the defendant has confused the issue in its pleadings by asserting both that it is a national bank having a direct right of set-off against the plaintiff-depositor and also asserting that it is a bank holding company, the plaintiff in this appeal has raised the single issue of ultra vires, contending

that the bank had no right to set-off because the operation of a travel agency by a national bank is an ultra vires act. Hence, it argues, the debt owed by the plaintiff to the bank's travel agency department was not a valid debt and therefore the right of set-off is not available to the bank. In this appeal plaintiff must, therefore, stand or fall on that issue.

In support of its ultra vires argument the plaintiff cites the case of *Arnold Tours, Inc. v. Camp*, 472 F.2d 427 (1st Cir. 1972), where the United States Court of Appeals (First Circuit) held that a national bank does not have the power under its charter, pursuant to the National Bank Act, to conduct a full-fledged travel agency. In *Arnold Tours* as well as in *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 25 L. Ed. 2d 184, 90 S. Ct. 827, a private corporation was accorded standing *to sue the Comptroller of the Currency* seeking a rescission of his rulings respectively holding (a) that a national bank may engage in the travel agency business and (b) that a national bank may engage in the data processing business. The instant case is distinguishable from both of the above. The operation of a travel agency by a national bank is the act which plaintiff claims is ultra vires and therefore a defense. Plaintiff is not aggrieved as a private person by having to pay for services it used, nor can it be heard to say it is aggrieved as a member of the public by a departure from sound public policy relating to banking, since the plaintiff voluntarily entered into the ultra vires transaction and reaped its benefits.

■■■ Generally speaking, the defense of ultra vires is not favored by the courts where it is raised by a private party seeking to avoid payment for a benefit received and where there is no matter of public policy involved. (*Leigh v. American Brake-Beam Co.*, 205 Ill. 147; *Mercantile Trust Co. v. Kastor*, 273 Ill. 332.) However, in our opinion this is not a case to be decided under general equitable principles of Illinois law. It appears to be overwhelmingly established both by Illinois law (such as exists on the point) and by many other State and Federal court decisions that the plaintiff, under the circumstances of this case, had no standing to question the power of the bank to render the service out of which the right of set-off arose.

■■■ A national bank is a creature of Congress and strictly amenable to Federal laws insofar as its duties and powers are concerned. Its authority to engage in a particular transaction with a private citizen cannot be questioned by a party to that transaction for the purpose of avoiding the transaction. In *Voltz v. National Bank*, 158 Ill. 532, where the defendant claimed an endorsement guaranteeing payment of a check was ultra vires, our Supreme Court said at pages 540-541:

> "But the determination of the question whether the guaranty contract is *ultra vires* and void, or void as being otherwise contrary

to the statute under which appellee was organized, or against public policy, depends upon the interpretation that is to be placed upon the National Bank act and the effect to be given its provisions. It may be that if a statute of this State was involved, then the rule that no right of action can spring out of an illegal contract, (held in *Penn v. Bornman*, 102 Ill. 523, and in other cases,) would apply. But in the very case just cited the paramount authority of the Supreme Court of the United States to construe all Federal statutes, including the National Bank act, is fully conceded. The doctrine of the Federal courts, as applied to this case, is: that even if the guaranty which appellee gave to the First National Bank was *ultra vires*, or given in violation of the National Bank act, yet appellee could not urge that defense after the First National Bank, in reliance upon that guaranty, had taken the certified check in payment of the acceptance of F. L. Voltz & Co., and that the power to redress the wrong committed by the appellee bank was in the government only, by a proceeding to forfeit the charter of the bank. *National Bank v. Matthews*, 98 U.S. 621; *National Bank v. Whitney*, 103 id. 99; *Weber v. Spokane Nat. Bank*, (C. C. A.) 64 Fed. Rep. 208."

To the same effect was the holding of this court in *First National Bank v. Weise*, 333 Ill. App. 1, 11, where the court said in answer to the defense of ultra vires in connection with a real estate transaction between a national bank and a private citizen:

"It is established that the validity of acts under the National Banking Act under which plaintiff operated can be questioned only by the United States and not by private parties, where the statute imposes no penalty or forfeiture. (*Thompson v. St. Nicholas Nat. Bank*, 146 U.S. 240, 251.)"

We do not find that these cases have ever been overruled. In 10 Am. Jur. 2d *Banks* §276 (1963) it is said:

"It is also to be taken into consideration that where the provisions of the National Bank Act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties."

We see no merit in the ultra vires contention raised by the plaintiff and the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.