572 P.2d 489 (1977)
BILAR, INC., Plaintiff-Appellant,
v.
Gary SHERMAN, Individually, Joseph Zimmerman, Individually, and G. J. S. Enterprises, Inc., Defendants-Appellees.
No. 76-786.
Colorado Court of Appeals, Div. I.
September 1, 1977.
Rehearings Denied October 6, 1977.
*490 Head, Moye, Carver & Ray, John E. Moye, David B. Savitz, Denver, for plaintiff-appellant.
Wallis S. Stromberg, Denver, for defendant-appellee Gary Sherman.
Deisch & Marion, P.C., Michael B. Marion, Denver, for defendant-appellee Joseph Zimmerman.
COYTE, Judge.
The determinative question presented by this appeal is whether a secured creditor who proceeds against collateral in the possession of the debtor by levy and execution, but who fails to consummate those proceedings, is deemed to have satisfied his judgment regardless of the actual value of the property seized. Concluding that he is not, we reverse the judgment of the trial court and remand the cause.
In March 1973, the corporate defendant, G.J.S. Enterprises, Inc., agreed to purchase a business from plaintiff, Bilar, Inc. Relative to the sale, G.J.S. executed a promissory note on which Gary Sherman and Joseph Zimmerman assumed individual liability in favor of Bilar in the amount of $40,000. Bilar also retained a security interest in the business which it duly perfected. After making the first payment on the note, defendants defaulted.
Bilar subsequently commenced this action and obtained a default judgment against G.J.S. While the claim against Sherman and Zimmerman seeking a deficiency judgment was pending, Bilar, based on the default judgment, procured an execution directed to the sheriff, and the sheriff thereafter attempted, but was unable, to serve a notice of levy on G.J.S. Finally, by means of a writ of assistance, the sheriff seized certain goods in the possession of that defendant in October 1973.
The record contains an affidavit furnished by one of Bilar's officers which recites the foregoing sequence of events and which goes on to state that the specified property was delivered by the sheriff to *491 Bilar, and eventually sold by Bilar to a private buyer for $5,000. The officer further asserts that he notified Zimmerman of the impending sale but that he was unable to locate Sherman at that time.
Following these occurrences, Sherman and Zimmerman moved for a summary judgment on the ground that seizure by the sheriff and private sale of the property by Bilar operated as a satisfaction of its claims against all defendants. The trial court agreed, holding that Bilar's failure to proceed with a public sale deprived G.J.S. of its rights in the property and precluded Bilar from any further action on the indebtedness. It therefore granted the motion for summary judgment.

I
Bilar first contends that defendants' failure to raise the affirmative defense of payment and satisfaction precluded the trial court from granting summary judgment on that ground. See C.R.C.P. 8(c). Under the particular circumstances here, it was not necessary for defendants to assert the defense in order to avoid its waiver.
The events providing the basis of defendant's summary judgment motion occurred subsequent to the complaint and answer and were fully set forth in the motion. For purposes of technical compliance with C.R.C.P. 8(c), in such a situation, the inclusion of the affirmative defense in the motion is deemed incorporated in defendant's answer. Cox v. Pearl Investment Co., 168 Colo. 67, 450 P.2d 60 (1969). Thus, no prejudice inuring to Bilar, the trial court did not err in considering the matter.

II
With regard to the substantive question in this case, both parties rely on United States v. Dashiel, 3 Wall. 688, 70 U.S. 688, 18 L.Ed. 268 (1866) in support of their respective contentions. Defendants argue that, in accordance with Dashiel, Bilar must be conclusively presumed to have satisfied its judgment through its private sale after seizure of the property by the sheriff. Bilar maintains that the presumption of satisfaction is merely a prima facie one rebuttable as a matter of fact. We agree with the latter proposition.
As a general principle, and one consistent with the holding in Dashiel, no presumption of satisfaction of a judgment arises as a result of a seizure of goods pursuant to an execution, which goods are not of sufficient value to satisfy the debt. And, even when the property is of sufficient value, the presumption of satisfaction becomes conclusive only upon a further showing that the property has been wasted through the misconduct or negligence of the plaintiff or officers. See United States v. Dashiel, supra; Lahman v. Hastings, 74 S.D. 431, 54 N.W.2d 166 (1952); see generally 30 Am.Jur.2d Executions § 602; 33 C.J.S. Executions § 336a.
In view of the foregoing, no basis exists upon which to uphold the summary judgment entered here. The affidavit of Bilar's officer asserts that the property was not of sufficient value to satisfy the indebtedness, and that its value was not impaired, but was in fact enhanced, by the sheriff's seizure and by Bilar's assuming possession. Those allegations, which were not disputed by defendants, overcame any legal presumptions which might otherwise have been warranted and gave rise to a controverted factual issue not properly resolved by motion for summary judgment. See Abrahamsen v. Mountain States Telephone & Telegraph Co., 177 Colo. 422, 494 P.2d 1287 (1972).

III
The parties have also argued an additional issue involving the relationship between certain Uniform Commercial Code provisions and creditors' remedies such as the execution here. For the guidance of the trial court upon remand, we address the matter.
The Code, and pertinent judicial decisions, establish that a secured creditor need not "elect" his choice of remedies. He may pursue those methods of collection afforded *492 under the Code or through judicial processes otherwise available. Nor by effectuating the latter course of action, does the creditor relinquish any rights obtained by virtue of his security interest. As explained in § 4-9-501, C.R.S.1973 (Official Comment No. 6):
"Under subsection (1) a secured party is entitled to produce his claim to judgment or to foreclose his interest by any available procedure, outside this Article, which state law may provide. The first sentence of subsection (5) makes clear that any judgment lien which the secured party may acquire against the collateral is, so to say, a continuation of his original interest (if perfected) and not the acquisition of a new interest or a transfer of property to satisfy an antecedent debt. The judgment lien is therefore stated to relate back to the date of perfection of the security interest. The second sentence of the subsection makes clear that a judicial sale following judgment, execution and levy is one of the methods of foreclosure contemplated by subsection (1); such a sale is governed by other law and not by this Article and the restrictions which this Article imposes on the right of a secured party to buy in the collateral at a sale under Section 9-504 do not apply."
See also Foster v. Knutson, 84 Wash.2d 538, 527 P.2d 1108 (1974); J. White & R. Summers, Uniform Commercial Code § 26-4 (1972); 2 G. Gilmore, Security Interests in Personal Property § 43.7 (1965). Moreover, the Code itself provides that the creditor's remedies delineated in § 4-9-501 are "cumulative". See § 4-9-501(1), C.R.S. 1973, see also Comment, Cumulative Remedies Under Article 9 of the Uniform Commercial Code: An Answer to Fuentes v. Shevin, 14 Wm. & Mary L.Rev. 213 (1972).
Relying on the foregoing principles, Bilar maintains that the sheriff's seizure followed by the private, rather than public, sale was a permissible intermingling of its various remedies. We disagree. There is a crucial distinction between a creditor's repossession of collateral pursuant to the Code followed by initiation of judicial proceedings, see Peoples National Bank v. Peterson, 7 Wash.App. 196, 498 P.2d 884 (1972), and a sheriff's seizure and private sale that is not in accordance with recognized judicial procedures.
While the Code contemplates alternative remedies, an execution and levy culminating in sale "is not governed by [Article 9]." Section 4-9-501, C.R.S.1973, (Official Comment No. 6); see also Riblet Tramway Co. v. Monte Verde Corp., 453 F.2d 313 (10th Cir. 1972).
Nevertheless, while we disapprove the sale effected by Bilar, we decline at this point to set it aside. Nor does the sale deprive Bilar of its right to seek a deficiency judgment against the other defendants.
Consequently, upon remand, the trial court must first determine the above factual matters relative to the value of the property levied upon by Bilar and its ultimate disposition, and then, in conjunction with Bilar's claim for a deficiency judgment, the trial court is directed to credit defendants with the reasonable value of the goods seized.
The record is unclear whether any property subject to Bilar's security interest remains. To the extent that any does so remain, Bilar's security interest therein continues unaffected by the levy and execution.
The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and BERMAN, J., concur.