503 So.2d 289 (1987)
Byron MILLICAN, etc.
v.
Jenny TURNER.
No. 56235.
Supreme Court of Mississippi.
February 25, 1987.
*290 Talmadge D. Littlejohn, New Albany, for appellant.
Roger H. McMillin, Jr., Sumners, Carter, Trout & McMillin, New Albany, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
WALKER, C.J., for the Court:
Byron Millican, d/b/a Millican Auto Sales, (Millican) sued Jenny Turner (Turner) for breach of contract. From a judgment of the Circuit Court of Union County in favor of Turner, Millican appeals to this Court. We reverse and remand.
On May 28, 1979, Millican and Turner entered into a retail installment contract whereby Turner purchased from Millican a 1977 Buick Skyhawk automobile. The cash price was $3,251.00, and the total cost including the finance charge was $4,228.20, to be paid in thirty-six (36) monthly installments of $117.45. That same day Millican assigned the contract to First National Bank of New Albany (FNB) and agreed to repurchase the contract upon FNB's demand. After several months, Turner stopped making payments, and FNB employed Bob Shirley, a car dealer, to repossess the Buick. Turner claimed the repossession took place in August or December of 1979; Millican claimed it occurred in the spring of 1981. When Shirley found the car, the tires were flat, the windshield was broken, the inside door panels were loose, and grass had grown up around the car, as if it had been abandoned. Shirley took the car to his place of business, where it remained until and throughout the litigation which is the subject of this appeal. In July of 1981, FNB exercised its right to reassign the contract to Millican, who paid the bank $2,583.90, the amount Turner owed after repossession. Subsequently, Millican went to Bob Shirley's place of business to inspect the car. Shirley estimated the fair market value of the car at repossession to be $800.00, while Millican estimated it to be $600.00. Millican "mentioned [the car] to several people" in an attempt to sell it, but no one ever "gave [him] a price on it." Ten (10) to twelve (12) months after the contract was assigned to him, Millican abandoned all efforts to sell the car.
The car was never sold, and Millican filed suit against Turner on February 12, 1982, approximately six (6) months after the contract was reassigned to him. In the complaint, Millican alleged breach of contract and prayed for $2,583.90 (the amount he had paid FNB), plus accrued interest from the date of default, a fifteen percent (15%) collection fee, and costs. Turner answered, denying default and asserting as an affirmative defense that Millican had not notified her of the sale of the collateral, and that any sale of the collateral had not been commercially reasonable. These matters of affirmative defense were also the subject of a counterclaim wherein she sued Millican for breach of his duties pursuant to § 75-9-504, Miss. Code Ann. (1972) (requiring that the debtor be notified of sale and that sale be commercially reasonable). Millican then filed a motion for summary judgment, a motion to dismiss for failure to state a claim upon which relief could be granted, and a response to the affirmative defense, in the last of which he stated that the "automobile [had] not even been sold or advertised as such for sale, but that such vehicle [was] still situated at [Bob Shirley's place of business]," (emphasis added).
Turner then confessed the motion to dismiss her counterclaim, and she filed an amendment to her answer, asserting the affirmative defense which is the crux of this appeal: that Millican had elected to retain the collateral in satisfaction of the debt, pursuant to § 75-9-505(2), Miss. Code Ann. (1972). After a bench trial, the circuit court entered judgment in favor of Turner, holding that Millican's retention of the property for more than two (2) years constituted an accord and satisfaction under the common law and a retention of collateral *291 in satisfaction of the obligation under § 75-9-505. From that judgment Millican appeals. We reverse and remand.
Turner's counsel concedes that the repossession did not constitute common law accord and satisfaction[1] so we consider the above theory upon which the trial judge based his decision.
As to the question which we now address, the instant appeal is a case of first impression in Mississippi. The issue is this: under what circumstances may a creditor who has repossessed collateral be deemed to have retained that collateral in satisfaction of the debt which it secures. Determination of this question depends upon interpretation of § 75-9-505(2), Miss. Code Ann. (1972):
In any other case involving consumer goods or any other collateral, a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation.
Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under this subsection.
State courts construing this provision have varied in their interpretations of it. Some courts have held that only when the creditor gives the notice which the code section requires may he be deemed to have retained the collateral in satisfaction of the debt. Flickinger v. Genesee Corp., 71 A.D.2d 382, 423 N.Y.S.2d 73 (1979) (cited in Schmode's, Inc. v. Wilkinson, 219 Neb. 209, 361 N.W.2d 557, 558 (1985)). Other courts have held that the creditor may be deemed to have made the election only when he manifests an intent to do so, and that an undue delay in disposing of the collateral is not, without more, sufficient to manifest such an intent. Nelson v. Armstrong, 99 Idaho 422, 582 P.2d 1100 (1978) (cited in Schmode's, 361 N.W.2d at 559).
A third view, which appears to be the majority position[2] is the one which we adopt today: when a creditor who has repossessed collateral retains it for an unreasonably long period without disposing of it, he is deemed to have retained the collateral in satisfaction of the debt which it secures and is thus precluded from suing on the note, regardless of whether he has notified the debtor that he is so retaining the collateral. What constitutes an unreasonable delay is a question for the trier of fact. Schmode's, 361 N.W.2d at 558-59, citing Service Chevrolet v. Sparks, 99 Wash.2d 199, 660 P.2d 760 (1983) and Shultz v. Delaware Trust Company, 360 A.2d 576 (Del. Super. Ct. 1976).
It is undisputed that Millican, at the time he filed suit, had retained the collateral, without disposing of it, for six (6) months after the contract was reassigned to him by FNB. Although the car was physically located at Bob Shirley's place of business, it was at Millican's disposal by virtue of FNB's reassigning the contract to him. The record, however, contains no evidence upon which the trier of fact could base a determination of whether the period over which Millican retained the car was unreasonably long. Such a determination will depend, in each case, on various factors, including the type of collateral, how rapidly it depreciates, the market for such collateral, and other relevant circumstances. Often, the inquiry will be one requiring specialized knowledge, such that the testimony of an expert qualified by knowledge, skill, experience, training or education would be helpful to the trier of *292 fact. Miss.R.Evid. 702 (effective 1986). In the case at bar, the testimony of used car dealers would aid the trier of fact in determining the reasonableness vel non of Millican's actions (or inaction). If the trier of fact determines that Millican's retention of the collateral was for an unreasonably long period, then he will be deemed to have retained it in satisfaction of the debt, and he will thus be precluded from suing on the note.
Finally, we consider Millican's argument that, because he alleged default, and because Turner admitted that she had defaulted on her monthly payments, there was no genuine issue of material fact, and that entry of summary judgment was therefore appropriate, pursuant to Rule 56, Mississippi Rules of Civil Procedure. At the time the trial court considered Millican's motion for summary judgment, only the pleadings were before the court. Millican had not submitted any affidavits[3] or sworn discovery materials in support of his motion, nor had Turner offered any affidavits or sworn discovery materials in opposition to the motion. Because the motion was based solely on the pleadings, we will treat it as a motion for judgment on the pleadings, pursuant to Rule 12(c), Miss.R. Civ.P. Kountouris v. Varvaris, 476 So.2d 599 (Miss. 1985) (where party moves for summary judgment and court determines that motion may be acted on appropriately without reference to matters outside the pleadings, court may consider motion to be one for judgment on the pleadings). Turner's answer and amended answer each raised matters of affirmative defense. Thus, Millican was not "clearly entitled to judgment," Comment to Rule 12(c), and so the trial court properly denied Millican's motion.
The judgment of the trial court is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The elements of accord and satisfaction are the following: 1) something of value is offered in full satisfaction of the demand; 2) the offer is accompanied by such acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; 3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and 4) the party actually does accept the item. Sherman-Williams v. Sarrett, 419 So.2d 1332, 1334 (Miss. 1982).
[2] Swanson v. May, 40 Wash. App. 148, 697 P.2d 1013 (1985); Wisconics Engineering, Inc., et al. v. Fisher, 466 N.E.2d 745 (C.A.Ind. 1984); Service Chevrolet, Inc. v. Sparks, 99 Wash.2d 199, 660 P.2d 760 (1983); Farmer's State Bank v. Ballew, 626 P.2d 337 (C.A.Okla. 1981); Shultz v. Delaware Trust Co., 360 A.2d 576 (Del. Super. Ct. 1976); Moran v. Holman, 514 P.2d 817 (Alaska 1973).
[3] We do not imply that Millican, to the extent that his summary judgment motion encompassed Turner's affirmative defense, was required to submit affidavits showing the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. ___, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (party moving for summary judgment on issue as to which non-moving party will bear burden of proof at trial is not required to submit affidavits or other similar materials negating non-movant's claim).