■ MOLECULAR SECURITIES, INC., Appellant-Respondent, v TYRATECH, INC., Respondent-Appellant. [923 NYS2d 524]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 7, 2010, which, insofar as appealed from as limited by the briefs, denied plaintiff Molecular Securities, Inc.'s motion for summary judgment on its breach of contract claim, and granted its motion to dismiss defendant TyraTech, Inc.'s counterclaim for breach of fiduciary duty, denied defendant's motion for summary judgment on that counterclaim, and denied defendant's motion for summary judgment dismissing plaintiff's breach of contract claim, unanimously modified, on the law, to the extent of granting defendant's motion dismissing plaintiff's breach of contract claim, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint in its entirety.

Under the plain language of the letter agreement, the conveyance of TyraTech common stock held by XL Tech Inc. in satisfaction of the debt it owed to a third-party investor was not a "Transaction" triggering the $3 million "closing fee" owed to Molecular. That conveyance, a strict foreclosure under UCC article 9, was not a "sale of part or all of the shares of TyraTech Common Stock held by XL Tech," and in order to give effect to all the letter agreement's provisions, the provision defining a "Transaction" as the "sale or other disposition of any material portion of the assets of TyraTech" cannot be read as including a conveyance of the TyraTech common stock held by XL Tech (see *God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *S.M. Flickinger Co. v 18 Genesee Corp.*, 71 AD2d 382 [1979]). Accordingly, Molecular's breach of contract claim must be dismissed.

The court properly dismissed TyraTech's counterclaim for breach of fiduciary duty. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.