715 P.2d 451

Tom KIMURA, Mary Kimura and Kay Taira, Plaintiffs-Appellees,

v.

Joe WAUFORD, Defendant-Appellant.

No. 15551.

Supreme Court of New Mexico.

March 4, 1986.

John H. Schuelke, Gallup, for defendant-appellant.

Albert O. Lebeck, Gallup, for plaintiffs-appellees.

## OPINION

FEDERICI, Justice.

Tom Kimura, Mary Kimura and Kay Taira (plaintiffs) brought suit against Joe Wauford (defendant) to recover a money judgment based upon default by the defendant under a sales agreement and a promissory note. Prior to bringing suit, upon default by the defendant, the plaintiffs retook possession of the building and equipment which were pledged as collateral under a security agreement. The trial court concluded that pursuant to the Uniform Commercial Code (Code), NMSA 1978, Section 55–9–501 (Cum.Supp.1985) and Section 55–9–503, the plaintiffs were entitled to possession of the leasehold premises in an effort to minimize the defendant's damages and, the plaintiffs were entitled to sue on the note and reduce it to a money judgment. The defendant appeals. We affirm.

The issue on appeal is whether upon default, under the Code, a secured party is entitled to both possession of the collateral for the purpose of preserving it and a money judgment.

The defendant and the plaintiffs entered into an agreement for the purchase of the building and the equipment comprising the ongoing business known as "Lory's Drive-In Restaurant" (drive-in). The building is situated on land leased from a third party. The drive-in which was constructed by the plaintiffs is attached to the real estate. The defendant made a downpayment of $10,000 and executed a promissory note for $41,266.50. The note carried no interest and included only the amounts due on the equipment and the remainder of the leasehold. A security interest in the building and the equipment was given to the plaintiffs. The lease was assigned to the defendant who was responsible for negotiating a new lease when the current lease expired in June 1985.

At the hearing, the trial judge asked both parties to submit briefs on the issue before us. After considering the briefs, the trial court made the following findings of fact: that the transaction consisted of a sales agreement, a bill of sale, a security agreement, a promissory note, an assignment of lease and a financing statement; that defendant took possession of the premises in September 1982, at which time the drive-in was an operating business; that on or about February 1983, the defendant abandoned the property and left the premises unprotected; that following the defendant's abandonment of the property on or about April 1983, the plaintiffs retook possession of the property for the purpose of attempting to re-lease the premises to other interested third parties; that the rent payments were paid through the month of February 1983, and the equipment payments were paid through December 1982; and that plaintiffs made repeated demands upon the defendant for the payments due.

The trial court concluded that pursuant to Section 55–9–501, the plaintiffs were permitted several remedies which included suing on the note and reducing it to judgment. The court further concluded that upon default, the plaintiffs as secured parties had the right to take possession of the collateral and that repossession did not constitute an election which precluded additional remedies. The trial judge awarded judgment in the amount of $37,863.90.

Defendant contends that the trial court erred in finding that he abandoned the property on or about April 1983. He does not deny that he abandoned the collateral but claims that he left the premises in June or July of 1983, after plaintiffs changed the locks on the building. Defendant further argues that there is insufficient evidence to support the trial court's conclusion that in taking possession the plaintiffs made an effort to minimize defendant's damages. The record shows that the findings of fact and conclusions of law are supported by substantial evidence. They will not be disturbed. *See Specter v. Specter*, 85 N.M. 112, 509 P.2d 879 (1973).

The defendant argues that the plaintiffs must either retain the collateral in satisfaction of the debt or dispose of it according to NMSA 1978, Section 55–9–505

(Cum.Supp.1985). We do not agree. This section compels disposition of collateral in two instances, one of which is: "If the debtor has paid *sixty percent* of the cash price in the case of a purchase money security interest in *consumer goods* or sixty percent of the loan in the case of another security interest in *consumer goods, * * *.*" (Emphasis added.)

To apply subsection (1) of Section 55–9–505 to this case would require defendant to have paid $24,759.90 on the note (60% of $41,266.50). The court found that the defendant only made three payments on the equipment and six payments on the leasehold. The total amount paid by the defendant was $4,764, which falls short of the sixty percent required by subsection (1). Furthermore, this subsection refers to consumer goods, the collateral involved here is not consumer goods but equipment and a building used for business purposes.

Subsection (2) of Section 55–9–505 states: "In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor * * *." There is no evidence that the plaintiffs ever intended to take possession of the premises, much less retain it in satisfaction of defendant's obligation. The record shows that when the plaintiffs re-entered the abandoned premises, the place was "a mess." Because of defendant's neglect, the plaintiffs were forced to protect their security interest by changing the locks on the building.

With regard to the secured party's right to take possession after default, Section 55–9–503 states: "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action." NMSA 1978, Section 55–9–207(4) provides that "[a] secured party may use or operate the collateral for the purpose of preserving the collateral or its

value or pursuant to the order of a court of appropriate jurisdiction or, except in the case of consumer goods, in the manner and to the extent provided in the security agreement."

We agree with the trial court's finding that the plaintiffs took possession of the premises in order to preserve the collateral and in doing so did not elect to retain the collateral in satisfaction of defendant's obligation.

The controlling section on default is Section 55–9–501. The relevant subsections are:

(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this part and except as limited by Subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure * * *. A secured party in possession has the rights, remedies and duties provided in Section 9–207 [55–9–207 NMSA 1978]. The *rights and remedies referred to in this subsection are cumulative.*

(2) After default, the debtor has the rights and remedies provided in this part [55–9–501 to 55–9–507 NMSA 1978], *those provided in the security agreement and those provided in Section 9–207* [55–9–207 NMSA 1978].

 \* \* \* \* \* \*

(4) If the security agreement covers both real and personal property, the secured party may proceed under this part as to the personal property or he may proceed as to both the real and the personal property in accordance with his rights and remedies in respect of the real property in which case the provisions of this part do not apply. (Emphasis added.)

 The gist of defendant's argument is that plaintiffs in taking possession, have made an election to retain the collateral in satisfaction of the debt and are therefore not entitled to a money judgment. The

extent of the rights and remedies afforded the secured party has not been addressed in our state. Since this is a case of first impression, we look to jurisdictions with similar provisions on default for the interpretation of "cumulative."

In *Citicorp Homeowners Co. v. Western Surety*, 131 Ariz. 334, 336, 641 P.2d 248, 250 (App.1981), the court stated:

It has been recognized that the most important remedy available to a secured creditor is the right to take possession of the collateral following the debtor's default. *Karp Bros., Inc. v. West Ward Savings and Loan Association of Shamokin*, 440 Pa. 583, 271 A.2d 493 (1970); *Murdock v. Blake*, 26 Utah 2d 22, 484 P.2d 164 (1971). A secured creditor is not required to elect a remedy. He can take any permitted action or combination of actions. *Pruske v. National Bank of Commerce of San Antonio*, 533 S.W.2d 931 (Tex.Civ.App.1976); *Hubbard v. Lagow*, 576 S.W.2d 163 (Tex.Civ.App.1979).

*See also Olsen v. Valley National Bank of Aurora*, 91 Ill.App.2d 365, 371, 234 N.E.2d 547, 550 (1968), in which the Illinois Court stated: "The majority rule, including Illinois, is founded on the rationale that a creditor is able to pursue any one of a number of remedies against a debtor until the debt is satisfied."

The defendant does not deny that he is liable on the note which includes payments on the leasehold and the equipment. The note provides "[i]f any installment of this note is not paid at the time and place specified, the entire amount shall become due and payable at the election of the holder thereof and shall bear interest at the rate of (10%) per cent per annum." The trial court found that the defendant had defaulted on the payments prior to abandoning the premises. The acceleration clause gives plaintiffs the option of bringing suit on the note. *Carmichael v. Rice*, 49 N.M. 114, 158 P.2d 290 (1945).

In *Michigan National Bank v. Marston*, 29 Mich.App. 99, 106, 185 N.W.2d 47, 50 (1970), the court commented:

It is of course basic law that the purpose of collateral is to secure the creditor and increase his chance of recovery in the case of default. The existence of a security interest in no way affects the existence of the debt. It merely provides the secured party with an immediate source of recovery in addition to the standard remedies of an unsecured creditor.

Although the defendant does not deny liability on the note, he argues that plaintiffs' act of re-entering the premises and changing the locks should be construed as a termination of the leasehold assignment. We do not agree. Plaintiffs' action was the result of defendant's act of abandonment and does not constitute a termination of the leasehold assignment. Defendant as assignee of the lease between the lessor and the plaintiffs-lessees is liable for the leasehold payments under the note and the lease assignment. *See Moran v. Holman*, 514 P.2d 817 (Alaska 1973).

We hold that the plaintiffs are entitled to take possession of the collateral for the purpose of preserving it and in addition may sue on the note for money judgment.

This does not mean that the plaintiffs owe no duties to the defendant with respect to the collateral. Plaintiffs, as secured parties in possession, are subject to Section 55-9-207. Furthermore it would be equally unfair to the debtor to allow a creditor to take possession at all, if the creditor never intended to dispose of the security. *First National Bank of Thomasboro v. Lachenmyer*, 131 Ill.App.3d 914, 87 Ill.Dec. 53, 476 N.E.2d 755, 763 (1985) (citing *Marston*, 29 Mich.App. at 108, 185 N.W.2d at 51). The plaintiffs have stated in their brief that they will make some disposition of the subject collateral. At such time, in accordance with the Code, plaintiffs must act in a "commercially reasonable manner toward sale, lease, proposed retention where permissible, or other disposition." *Lachenmyer*, 87 Ill.Dec. 53, 476 N.E.2d at 764 (citing *Marston*, 29 Mich.App. at 108, 185 N.W.2d at 51). Those statutes regarding disposition of collateral also require the

plaintiffs, as secured parties to apply the collateral or the proceeds from its sale toward the liquidation of the debt and to account to the defendant for any surplus. *See* §§ 55–9–207(2)(c) and 55–9–505(2). *See also* NMSA 1978, § 55–9–504 (Cum.Supp. 1985).

The judgment of the trial court is affirmed. Each of the parties shall bear his own attorney fees.

IT IS SO ORDERED.

RIORDAN, C.J., and WALTERS, J., concur.