BANK ONE AKRON, N.A., Appellee,

v.

NOBIL et al., Appellants.

[Cite as *Bank One Akron, N.A. v. Nobil* (1992), 80 Ohio App.3d 638.]

Court of Appeals of Ohio,
Summit County.

No. 15233.

Decided April 1, 1992.

*Ronald N. Towne* and *Rachel E. Nader,* for appellee.
*James E. Davis,* for appellants.

QUILLIN, Presiding Judge.

In this case, we must decide whether a secured creditor may seek simultaneous remedies pursuant to R.C. 1309.44(A) by filing suit seeking recovery on a debt, and, at the same time, by selling the collateral securing that debt. We find that a secured creditor may do so. Further, the record reveals nothing other than that the secured creditor acted in good faith in selling the collateral. Therefore, we affirm.

On February 8, 1989, appellee, Bank One Akron, N.A. ("Bank One"), filed a complaint against appellants, Thomas J. and Leita K. Nobil, seeking recovery on debts owed to Bank One. These debts were evidenced by a certain promissory note. The Nobils answered, questioning the validity of the existing security agreements but admitting default on the note.

The principal amount of the note was $70,000. As security for the note, the Nobils granted Bank One a security interest in certain shares of stock. At Bank One's request, the Nobils executed a second security agreement describing the originally pledged stock and some additional stock which resulted from a split of the original stock.

On April 26, 1989, Bank One sold the stock. On July 11, 1989, Bank One filed an amended complaint reflecting partial satisfaction of the debt secured by the stock.

On February 26, 1990, Mrs. Nobil filed a counterclaim alleging that Bank One violated R.C. 1309.44(A) and that Bank One breached its duty to exercise good faith. Bank One thereafter answered Mrs. Nobil's counterclaim.

The parties agreed to submit to a referee the issue of whether Bank One was entitled to utilize simultaneous remedies. Following a hearing, the referee found that Bank One's security interest was flawed and, therefore, Bank One did not have the right to sell the stock as it did. The referee also found that Bank One violated R.C. 1309.49 and 1309.50 by pursuing simultaneous remedies. Bank One filed objections to the referee's report, and Mrs. Nobil filed her response to these objections. The trial court found Bank One's disposition of the stock to be proper in all respects. The Nobils appeal from this order.

### Assignment of Error I

"The Court of Common Pleas erred by failing to adopt the Report of the Referee and by failing to find and determine that the Counterclaim stated a cause of action."

### Sub–Argument I

"The defendant-appellants were entitled to a judicial determination of their defenses."

The Nobils claim that (1) the security agreement did not comply with R.C. 1309.14(A); (2) they contested the amount due under the note and demanded an accounting; (3) the trial court did not review the proper sections of R.C. Chapter 1308 to determine whether a security interest was created in the stock; and (4) the trial court did not consider the similarities between R.C.

1309.14 and 1308.28(A)(9). After reviewing these contentions, we find no error on the trial court's part.

First, the Nobils contend that Bank One did not comply with R.C. 1309.14(A) in that no description of the stock was provided in the first security agreement and that no value was provided on the second security agreement. However, R.C. 1309.14(A) does not control here.

■ The first security agreement was created in 1986 and the second in 1988. Effective September 20, 1984, R.C. 1308.36 governs the enforceability and attachment of security interests in stock. *Lojek v. Pedler* (1986), 22 Ohio St.3d 71, 73, 22 OBR 87, 89, 488 N.E.2d 864, 866, fn. 1.

According to R.C. 1308.36(C), no written security agreement signed by the debtor is necessary to make the security interest enforceable. Therefore, no written description was necessary in the first security agreement.

R.C. 1301.01 provides in relevant part:

"(RR) 'Value.' * * * [A] person gives 'value' for rights if he acquires them:

" * * *

"(2) as security for or in total or partial satisfaction of a pre-existing claim; or

" * * *

"(4) generally, in return for any consideration sufficient to support a simple contract."

■ The trial court decided, and we agree, that subsections (2) and (4) of R.C. 1301.01(RR) direct that value may be in the form of an antecedent debt. Therefore, no new value was necessary for the second security agreement.

The Nobils next contend that they contested the amount due under the note and that they demanded an accounting. We will not review this claim here, as our review of the issues of simultaneous remedies and good faith disposes of this claim.

■ With respect to their third claim, the Nobils have failed to cite to us the sections of R.C. Chapter 1308 which they deem appropriate. Therefore, we are unable to review this alleged error.

■ The Nobils also claim that had the trial court considered the similarities between R.C. 1309.14 and 1308.28(A)(9), the trial court would have arrived at a different conclusion. However, the Nobils have not informed us as to what that conclusion is. Accordingly, we will not further address this claimed error.

Sub–Argument II

"Principal limitations on the right of a secured party under the Uniform Commercial Code are good faith and cumulative remedies."

First, we will consider whether Bank One could simultaneously pursue two remedies to satisfy the Nobils' debt.

R.C. 1309.44(A) provides:

"When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in sections 1309.44 to 1309.50 of the Revised Code, and except as limited by division (C) of this section those provided in the security agreement. He may reduce his claim to judgment, foreclose, or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents the secured party may proceed either as to the documents or as to the goods covered thereby. A secured party in possession has the rights, remedies, and duties provided in section 1309.18 of the Revised Code. *The rights and remedies referred to in this division are cumulative."* (Emphasis added.)

Clearly, R.C. 1309.44(A) allows a creditor to seek more than one type of relief. What is not so clear is whether a creditor may seek more than one remedy simultaneously. This is an issue of first impression in Ohio.

Initially, we note that there is no language in R.C. 1309.44(A) purporting to limit a creditor from pursuing more than one remedy at the same time.

R.C. 1309.44(A) is essentially a codification of UCC 9–501(1). The case law in other states is divided. Some states adhere to the interpretation advanced by the legal commentators, James J. White and Robert S. Summers. According to White and Summers, "The remedies may be 'cumulative,' but at some point the secured creditor must choose which remedy he will utilize and pursue that route to fruition. In other words, a secured creditor may first attempt to enforce his rights by one method and if that proves unsuccessful follow another one, but we think he should not be permitted to harass the debtor by simultaneously pursuing two or more of the several avenues of attack open to him. * * * " 2 White & Summers, Uniform Commercial Code (3 Ed.1988) 572, Section 27–4. See, also, *Ayares–Eisenberg Perrine Datsun, Inc. v. Sun Bank* (Fla.Dist.App.1984), 455 So.2d 525; *Baldwin v. First Natl. Bank* (S.D.1985), 362 N.W.2d 85; *Taylor Rental Corp. v. J.I. Case Co.* (C.A. 11, 1985), 749 F.2d 1526; *Ins. Co. v. Gen. Elec. Credit Corp.* (1978), 119 Ariz. 97, 579 P.2d 601.

Other courts have decided that a creditor may pursue more than one remedy at the same time. See, *e.g., Farmers State Bank v. Ballew* (Okla.App.1981), 626 P.2d 337; *Ingersoll–Rand Financial Corp. v. Atlantic Mgt. & Consult-*

*ing Corp.* (D.N.J.1989), 717 F.Supp. 1067; *Ingersoll–Rand Financial Corp. v. Electro Coal, Inc.* (E.D.Ky.1980), 496 F.Supp. 1289; *Wiley v. Bank of Fountain Valley* (Colo.App.1981), 632 P.2d 282; *Kimura v. Wauford* (1986), 104 N.M. 3, 715 P.2d 451; *Hubbard v. Lagow* (Tex.Civ.App.1979), 576 S.W.2d 163.

█ After reviewing the cases cited above, we agree with the District Court for the Western District of Virginia that the cases disallowing simultaneous remedies reveal "a common concern that the creditor not 'harass' the debtor by seeking simultaneous relief." *Glamorgan Coal Corp. v. Bowen* (W.D.Va. 1990), 742 F.Supp. 308, 310. In *Glamorgan,* the court decided that where a creditor has neither harassed the debtor nor exceeded his statutory rights, that creditor may seek alternative remedies at the same time. *Id.*

After reviewing the foregoing authorities, we conclude that the *Glamorgan* approach is the better one. We believe that this approach better advances the clear legislative intent of UCC 9–501(1) and R.C. 1309.44(A)—"to broaden the options open to a creditor after default * * *." *Michigan Natl. Bank v. Marston* (1970), 29 Mich.App. 99, 107, 185 N.W.2d 47, 51. Yet, debtors will still be adequately protected from overzealous creditors.

Having decided which approach applies, we now must decide whether Bank One exceeded its statutory rights or otherwise harassed the Nobils.

█ Upon reviewing the evidence, we find no allegations of harassment on Bank One's part. The Nobils did allege that Bank One exceeded its statutory rights by selling the stock without giving them prior notice. However, R.C. 1309.47 does not mandate such notice.

█ The Nobils' final argument is that Bank One breached its duty of good faith. The Nobils' only argument is that Bank One did not give them prior notice of the sale of the stock when there was pending litigation. However, having previously decided that the remedies are simultaneous, and having previously decided that Bank One did not have to give the Nobils prior notice of the stock sale, we cannot say that Bank One breached its duty of good faith to the Nobils.

Also, having decided that Bank One properly disposed of the stock, we determine that the Nobils were not entitled to an accounting even though they contested the amount due.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO and REECE, JJ., concur.