**KEY BANK OF MAINE**

v.

**Thomas A. HOLMAN et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 28, 1995.

Decided May 1, 1995.

Bruce B. Hochman, Christopher H. Roney, Black, Lambert, Coffin & Rudman, Portland, for plaintiff.

Ralph A. Dyer, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, and CLIFFORD, JJ.

ROBERTS, Justice.

Thomas A. and Patricia A. Holman appeal from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) approving Key Bank's report of a foreclosure sale at which Key Bank, the mortgagee, purchased the property mortgaged by the Holmans. The Holmans argue that the court (1) erroneously interpreted the mortgage foreclosure statute and (2) erred by approving unreasonable expenses reported by Key Bank. We affirm the judgment.

The Holmans defaulted on their mortgage loan, and in 1992 Key Bank commenced this civil action for foreclosure pursuant to 14 M.R.S.A. §§ 6321–6325 (Supp.1994). The Holmans failed to answer and a default judgment for foreclosure and sale was entered (*Lipez, J.*). In July 1993 the Bank filed its report of the public sale and the disbursement of the proceeds. The Holmans contested the accounting in Key Bank's report. They now appeal from the judgment approving the report of sale.

 The Holmans contend that the foreclosure statute requires the Bank to account for any difference between their mortgage indebtedness and the fair market value of the property at the time of the public sale. The Bank responds that the issue of fair market value arises only when a mortgagee seeks a deficiency judgment. We agree with the Bank's interpretation.

Section 6323(1) provides in pertinent part:

The mortgagee shall sell the premises to the highest bidder at the public sale and deliver a deed of that sale to the purchaser. . . . The mortgagee or any other party in interest may bid at the public sale. If the mortgagee is the highest bidder at the public sale, there is no obligation to account for any surplus upon a subsequent sale by the mortgagee. Any rights of the mortgagee to a deficiency claim against the mortgagors are limited to the amount established as of the date of the public sale.

Section 6324 provides in pertinent part:

After first deducting the expenses incurred in making the sale, the mortgagee shall disburse the remaining proceeds in

accordance with the provisions of the judgment. The mortgagee shall file a report of the sale and the disbursement of the proceeds therefrom with the court.... Any deficiency shall be assessed against the mortgagor and an execution shall be issued by the court therefor. In the event the mortgagee has been the purchaser at the public sale, any deficiency shall be limited to the difference between the fair market value of the premises at the time of the public sale, as established by an independent appraisal, and the sum due the mortgagee as established by the court with interest plus the expenses incurred in making the sale. Any surplus shall be paid to the mortgagor, his successors, heirs or assigns in the proceeding.

The clear import of these sections is to require reference to the fair market value of the mortgaged property only when (1) the mortgagee is the purchaser at the public sale and (2) the mortgagee seeks a deficiency judgment. Here the bank purchased the property for the mortgage balance, but seeks no deficiency.

Finally, in view of our interpretation of the foreclosure statute, we need not address the reasonableness of the Bank's expenses.

The entry is:

Judgment affirmed.

All concurring.