1999 ME 32

**William D. HAMILL**

v.

**Michael A. LIBERTY et al.**

Supreme Judicial Court of Maine.

Argued Feb. 3, 1999.

Decided Feb. 16, 1999.

F. Bruce Sleeper, (orally), Jensen Baird Gardner & Henry, Portland, for plaintiff.

George J. Marcus, (orally), Michael J. Gartland, Jennie L. Clegg, Marcus, Grygiel & Clegg, P.A., Portland, for defendants.

Before WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

SAUFLEY, J.

[¶ 1] Michael A. Liberty, Liberty Group, Inc., East Machias Limited Partnership, and Mainland Development Company appeal from the judgment of the Superior Court (Cumberland County, *Mills, J.*) denying their motion for relief, pursuant to M.R. Civ. P. 60(b)(5) and (6), from a judgment entered in favor of William D. Hamill. We affirm the judgment.

[¶ 2] Pursuant to a stipulation between the parties, the Superior Court (*Calkins, J.*) entered judgment against the defendants on their admitted debt to the plaintiff on June 17, 1997. The defendants did not appeal from the entry of the judgment.[1] Their underlying debt, which totalled just under 2 million dollars, was secured by certain intangible business assets, including partnership and corporate interests owned by the defendants, as well as obligations owed to them. After the entry of the judgment, those assets were offered for sale by the plaintiff at four separate public auctions, at which the plaintiff purchased the assets for a total of $2,501. The defendants now claim that the sale of these assets, which they value at $2,288,000, should be construed to have satisfied the judgment against them.[2]

[¶ 3] The defendants argue that, because the plaintiff, after obtaining a judgment in Superior Court, chose to seek a writ of execution and to initiate disclosure proceedings against the defendants pursuant to his right to enforce the judgment, he should have been precluded from exercising his right as a secured creditor to sell the collateral in satisfaction of the debt. They argue, therefore, that Article Nine does not apply to the sales of the collateral in this case, and that instead, by analogy to real estate law, the maximum deficiency for which they can be held liable is the difference between the debt and the fair market value of the assets sold. *See, e.g.,* 14 M.R.S.A. § 6324 (Supp.1998); *Key Bank of Maine v. Holman,* 657 A.2d 775, 776 (Me. 1995). Accordingly, the defendants claim

---

1. Bay Bridge Associates Limited Partnership was originally a defendant in this action. After the entry of the stipulated judgment, Bay Bridge moved to vacate the judgment because the person who signed the stipulation on its behalf was not authorized to do so. The Superior Court denied the motion, and, on appeal, we vacated the judgment against Bay Bridge. *See Hamill v. Bay Bridge Assocs.,* 1998 ME 181, ¶ 5, 714 A.2d 829. Bay Bridge therefore has not joined this appeal.

2. Under Article Nine, the plaintiff was entitled to sell the collateral securing the defendants' debt in a manner and under terms that were commercially reasonable, to apply the proceeds of that sale to satisfy the defendants' indebtedness, and to claim any remaining deficiency against the defendants. *See* 11 M.R.S.A. § 9–504(1)–(3) (1995). Article Nine also allowed the defendants to seek an order enjoining the sales, or to seek damages from the plaintiff, if the manner or terms of the sales were commercially unreasonable. *See* 11 M.R.S.A. § 9–507(1) (1995). The defendants did not avail themselves of these protections under Article Nine.

that the Superior Court erred as a matter of law in denying their 60(b) motion.

 [¶ 4] We review the denial of a motion for relief from a judgment under Rule 60(b) for an abuse of discretion by the Superior Court. *See In re Danielle B.*, 685 A.2d 770, 771 (Me.1996); *Fuller v. State*, 490 A.2d 1200, 1203 (Me.1985). When the trial court has correctly understood the facts and the law relevant to its analysis, we will defer to its ability to give weight to the appropriate factors under the law, and will find an abuse of discretion only where the court made a "serious mistake" in weighing those factors. *See West Point–Pepperell, Inc. v. State Tax Assessor*, 1997 ME 58, ¶ 7, 691 A.2d 1211.

 [¶ 5] Contrary to the defendants' contentions, the plaintiff did not forfeit his rights as a secured creditor by obtaining and then attempting to enforce a judgment on the underlying debt.[3] The remedies available to a secured judgment creditor under Article Nine, *see* 11 M.R.S.A. § 9–102 (1995), and Title Fourteen, which provides for the enforcement of money judgments through execution, levy, and disclosure proceedings, *see* 14 M.R.S.A. §§ 3120–3136 (Supp.1998), are not mutually exclusive. *See* 11 M.R.S.A. § 9–501(1)(1995) (noting that creditor's various rights are cumulative); 14 M.R.S.A. § 3120 (Supp.1998) (noting that creditor's rights are not exclusive).[4]

[¶ 6] Accordingly, the Superior Court did not commit an error of law, or exceed the bounds of its discretion by denying the defendants' Rule 60(b) motion.

The entry is

Judgment affirmed.

---

**3.** *See Butte County Bank v. Hobley*, 109 Idaho 402, 707 P.2d 513, 514 (App.1985) (holding that Article Nine remedies remain available to secured party who becomes a judgment creditor); *Ruidoso State Bank v. Garcia*, 92 N.M. 288, 587 P.2d 435, 437 (1978) (same).

**4.** Defendants also suggest that a creditor may not simultaneously pursue alternate remedies to collect a debt. Defendants do not assert, however, that Hamill pursued conflicting remedies regarding the auctioned assets. Nor do defendants

present any reasoned basis for vacating or otherwise amending the judgment on the basis of other collection efforts by Hamill. *See Glamorgan Coal Corp. v. Bowen*, 742 F.Supp. 308, 311 (W.D.Va.1990) (holding that a secured judgment creditor may pursue simultaneous remedies to collect a debt, as long as his pursuit does not constitute "harassment"); *Bank One Akron, N.A. v. Nobil*, 80 Ohio App.3d 638, 610 N.E.2d 538, 541 (1992) (same).