2008 ME 102

**Bernadette MARQUIS**

v.

**Paul MARQUIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 19, 2008.

Decided: June 24, 2008.

*Griffiths, A.R.J.*) holding him in contempt. He argues that the parties' amended divorce judgment is ambiguous regarding the duration of his spousal support obligations and he thus cannot be held in contempt for failing to comply with a court order requiring him to pay Bernadette Marquis spousal support. We disagree and affirm the judgment of the District Court.

[¶2] Paul and Bernadette Marquis were divorced on November 7, 2000. In July 2001, the parties agreed to amend the amount of spousal support to $450 per month for the term of an annuity that Paul received as compensation for a work-related injury.[1] In March 2006, Bernadette filed a motion for contempt, alleging that Paul had failed to comply with the amended divorce judgment. On June 1, 2006, the District Court (Fort Kent, *Daigle, J.*) denied the motion for contempt, based partly on a perceived ambiguity in the amended divorce judgment. While it did not find Paul in contempt, the court ordered him to resume paying Bernadette $450 each month, due the first of each month beginning June 1, 2006. The court also found that an arrears of spousal support existed, but did not attempt to ascertain the exact amount.[2]

[¶3] On June 14, 2006, Bernadette again filed a contempt motion for Paul's failure to pay spousal support as ordered. The District Court (Fort Kent, *Griffiths, A.R.J.*) issued an order holding Paul in

L. James Lavertu, Esq., Madawaska, ME, for Paul Marquis.

Matthew A. Hunter, Esq., Presque Isle, ME, for Bernadette Marquis.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶1] Paul Marquis appeals from a judgment of the District Court (Fort Kent,

1. It appears that the parties may have initially believed that this annuity was for a fixed term of twenty years. In fact, the clear terms of the annuity provide that payments are guaranteed for a *minimum* of twenty years and, thereafter, for the life of the beneficiary (Paul). Paul does not dispute the fact that he continued to receive annuity payments after the expiration of the initial twenty-year period.

2. The parties were directed to contact the Department of Health and Human Services to determine the amount of any arrears, and Paul was to pay $50 each month toward any such arrears. Further, the order noted that it did not purport to determine "the meaning of the language in paragraph 3 [spousal support] of the Amended Order" and that Paul was free to "file the necessary pleading to resolve that issue."

contempt, finding that: (1) he had made payments per the amended divorce judgment through February 25, 2003, and then ceased making payments; (2) he owed $20,629.84 in spousal support arrears as of February 5, 2007; (3) Paul's household income was at least $4800 per month; and (4) Paul was able to pay the spousal support ordered as he had at least $1500 per month in excess of his household expenses. The court sentenced Paul to thirty days incarceration, but stayed the sentence to afford Paul the opportunity to purge his contempt.

[¶ 4] Paul argues that the July 31, 2001, amended divorce judgment is ambiguous and he thus cannot be held in contempt for any failure to comply with its terms.[3] He argues that he is only responsible for general support payments for a fixed term of twenty years, based on his understanding of the annuity's term.

[¶ 5] Paul's argument fails because, notwithstanding any purported ambiguity in the July 31, 2001, amended divorce judgment, it remains undeniably clear that the June 1, 2006, order explicitly required him to pay $450 each month, plus $50 toward any arrears. He did not make any payments and the District Court found that he had the ability to make such payments. *See* M.R. Civ. P. 66(d)(2)(D); *White v. Nason,* 2005 ME 73, ¶ 7, 874 A.2d 891, 893–94. Therefore, the District Court did not err in holding Paul in contempt for his willful failure to comply with the terms of the June 1, 2006, order.[4]

[¶ 6] In fashioning a remedial sanction and purging provision pursuant to Rule 66(d)(3), the court completed the process of computation of arrears as contemplated in the earlier order. The court provided that Paul could purge himself of any contempt by promptly tendering the accrued arrears.[5] The court's findings are supported by evidence in the record and the court's decision was not an abuse of discretion.

---

3. Paul presents other arguments that do not merit discussion.

4. The party challenging a finding of contempt has the burden of proof to demonstrate that the fact-finder abused its discretion. *See Sager v. Town of Bowdoinham,* 2004 ME 40, ¶ 11, 845 A.2d 567, 570. A judgment of civil contempt is reviewed for an abuse of discretion. *Richards v. Thompson,* 2004 ME 25, ¶ 6 n. 4, 842 A.2d 1289, 1292. A factual finding is clearly erroneous only if there is no competent evidence in the record to support it. *State v. Weinschenk,* 2005 ME 28, ¶ 8, 868 A.2d 200, 204–05. Competent evidence in the record supports the District Court's order.

"When the trial court has correctly understood the facts and the law relevant to its analysis, we will defer to its ability to give weight to the appropriate factors under the law, and will find an abuse of discretion only where the court made a 'serious mistake' in weighing those factors." (*Hamill v. Liberty,* 1999 ME 32, ¶ 4, 724 A.2d 616, 618). Absent a serious mistake in weighing the relevant factors, this Court should defer to the District Court. *Id.* Paul has failed to show that the District Court made a serious mistake in weighing the relevant factors. The court followed the relevant law, applied a sanction that was within the bounds permitted by statute and was supported by its findings of Paul's ability to pay, and did not commit a serious mistake in doing so.

5. Although the court found Paul in contempt only for the period following the June 1, 2006, order, the total arrearage figure that must be paid pursuant to the purging provision includes unpaid amounts that accrued both before and after the June 1, 2006, order. In arriving at this conclusion, the District Court necessarily interpreted the earlier amended divorce judgment as incorporating the duration of the insurance annuity as the duration of the spousal support provision—a minimum of twenty years and a maximum of Paul's lifetime. This conclusion is supported by uncontroverted evidence. Thus, this spousal support obligation has continued unabated from the date of the amended divorce judgment through the present.

The entry is:

Judgment affirmed. Mandate to issue immediately.