**2010 ME 91**

**James G. PAPPAS**

v.

**Carol A. PAPPAS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 21, 2010.

Decided: Sept. 9, 2010.

James B. Bartlett, Esq., York, ME, for James G. Pappas.

Jessica A. Demers, Esq., Bourque & Clegg, LLC, Sanford, ME, for Carol A. Pappas.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] James G. Pappas appeals from a post-divorce judgment (York County, Brennan, J.) entered upon his motion to modify the divorce judgment. In its judgment on the motion to modify, the court reduced James's monthly spousal support obligation to Carol A. Pappas from $600 to $500 and ordered James to pay Carol $1,000 in counsel fees. James argues that the court erred in determining that he had the ability to pay spousal support of $500 per month, and abused its discretion in weighing the statutory spousal support factors of 19–A M.R.S. 951–A(5) (2009) and in ordering James to pay $1,000 in attorney fees. We find no error in the principles applied by the court; however, because of an erroneous factual finding regarding Carol's income, we vacate the judgment and remand the matter for the redetermination of spousal support and attorney fees.

## I. BACKGROUND

[¶ 2] James G. Pappas filed a complaint for divorce in January 1992 after more than twenty-two years of marriage to Carol A. Pappas. The divorce court (Fritzsche, J.) entered a divorce judgment in April 1992 that incorporated the parties' marital settlement agreement. That agreement provided for James to pay Carol spousal support of $800 per month to terminate upon Carol's death or remarriage.

[¶ 3] In 2005, upon James's motion to modify, the court (Brennan, J.) entered a judgment reducing James's spousal support obligation to $600 per month. On August 13, 2009, James again moved to modify the spousal support because he had retired from his career as a teacher in June 2009. The court held a hearing on the motion. James testified that his annual income was $62,300 before he retired and that his current retirement benefit, at

age sixty-three, is $36,327 per year. He also testified that his current wife has disability income of $13,160 per year, yielding a total annual household income of approximately $50,000. James and his wife have equity in their home of more than $50,000, and James holds approximately $52,000 in savings and IRAs.

[¶ 4] Carol testified that, at age sixty-two, she now earns $34,671 per year as a library assistant at Assumption College in Worcester, Massachusetts, with net take-home pay of $22,000. She testified that she also receives $250 per month in rent from her sister, who lives with her in a duplex that Carol owns jointly with her son, and that she receives spousal support from James of $7,200 per year.

[¶ 5] The court entered a judgment in which it reduced James's spousal support obligation to $500 per month and ordered James to pay Carol $1,000 in attorney fees. Most of the court's factual findings were supported by competent evidence, including findings regarding James's household income and his ability to obtain part-time work to pay spousal support. The court, however, mistakenly found that Carol's gross, rather than net, income from employment was $22,000.

[¶ 6] James timely moved for findings of fact and conclusions of law. *See* M.R. Civ. P. 52. Among other things, he requested that the court find, based on Carol's own testimony, that Carol had income of $37,671 excluding spousal support. In its resulting judgment, however, the court found that Carol had income of $37,500 *including* spousal support. James appealed from the judgment.

## II. DISCUSSION

[¶ 7] James challenges the court's application of law, exercise of discretion, and findings of fact in establishing his continuing responsibility to pay spousal support. The record reflects no error of law or abuse of discretion, although it does demonstrate an error of fact.

■ [¶ 8] The court properly interpreted 19–A M.R.S. 951–A(5)(B), (D), and (E) to permit consideration of James's household income and his employment and income potential.[1] Thus, it did not err in calculating James's household income at approximately $50,000 or in considering that household income when determining spousal support. The court did not err in its application of the law regarding spousal support, nor do we discern any abuse of discretion in the court's weighing of the spousal support factors of section 951–A(5) based on the facts as it understood them, *see Pettinelli v. Yost,* 2007 ME 121, ¶ 11, 930 A.2d 1074, 1077–78, or in the court's award of the $1,000 to Carol for her attorney fees, *see* 19–A M.R.S. §§ 105(1), 952(3) (2009); *Wandishin v. Wandishin,* 2009 ME 73, ¶ 16, 976 A.2d 949, 954.

■ [¶ 9] The court based its exercise of discretion, however, on a factual error, finding that Carol has income of $37,500 per year *including* spousal support. This finding is not supported by competent evidence in the record. *See Efstathiou v. Aspinquid, Inc.,* 2008 ME 145, ¶ 35, 956 A.2d 110, 121. As Carol concedes in her brief, she earns $19.05 per hour and works thirty-five hours per week. Accordingly, she earns $34,671 per year from her employment. She also receives $3,000 per year in rent from her sister, for a total

---

1. *See Marquis v. Marquis,* 2008 ME 102, ¶¶ 3, 6, 952 A.2d 990, 991–92 (upholding contempt judgment in part because of the obligor spouse's *household* income); *Efstathiou v. As-*

*pinquid, Inc.,* 2008 ME 145, ¶ 52, 956 A.2d 110, 124 (reviewing whether a court properly applied the spousal support statute de novo as a matter of law).

annual gross income of $37,671 *excluding* spousal support. If the court had included the $600 per month in spousal support that Carol was receiving as of the time of the hearing, it would have found her income to be $7,200 greater, for a total annual gross income of $44,871.

[¶ 10]   Because the undisputed evidence in the record demonstrates that Carol's annual income is $7,371 greater than the income that the court found, and the future spousal support ordered by the court is $6,000 per year, we cannot be certain that the court would have exercised its discretion to order the same amount of spousal support had it recognized the accurate amount of Carol's income. Accordingly, we vacate the judgment and remand the matter for the court to reconsider its spousal support determination, taking into account the proper income amount. In its discretion, the court may receive further written or oral argument from the parties, or may decide the matter on the record already in existence.

The entry is:

Judgment vacated and remanded for further action consistent with this opinion.